*1271 OPINION.
Sternhagen:
The special method of treating certain corporations as partnerships and imposing the tax, not upon the corporation but upon the individual stockholders, prescribed by section 218 (e), Revenue Act of 1918, is confined to those corporations which are within the statutory definition of section 200. The attributes set forth in the definition must all exist, and the failure of any one defeats the claim for such classification and requires. that the corporation be taxed under the remaining provisions of the statute applicable .to corporations generally. Scheffler Hair Colorine Co., 1 B. T. A. 61. It is therefore only necessary to look for one of these attributes at a time, and if it be not found from the evidence, the claim fails and it is unnecessary to consider whether the remaining statutory attributes are present.
In considering a case where the corporation seeks to be entirely free from tax imposed upon itself, as distinguished from a claim under section 303, it is necessary to test the claim by applying the statutory requirements to all of the petitioner’s business and circumstances. For it is only by considering these in their entirety that it can be determined whether any one of the claimed attributes measures up to the terms of the statute. The relation of each to the whole is essential to the consideration of the primary source of income and the materiality of capital as an income-producing factor. Thus it is necessary to consider the Baltimore <& Ohio contract not as presenting the sole data for the year in question but .as one with the other facts.
.That, all evidence considered, this petitioner is not within the definition is in our opinion very clear. This was not a personal business. It was organized and carried on as a construction business backed by financial credit and responsibility, ready to furnish the labor and equipment necessary to fulfill its ppntracts, indemni *1272 fying the owner against loss or failure to perform, and in the first instance undertaking to finance the cost of the project. To this end it owned equipment upon which it deducted depreciation on its return. It borrowed substantial sums of money on its own and its officers’ credit, it invested its reserve capital in liquid securities which yielded it income — relatively little but not immaterial.
Reading the several contracts the performance of which constituted most of its business for the year in question, it is inconceivable that they could be undertaken without capital or that capital is not a material income-producing factor. They appear to contemplate that the petitioner should in the first instance bear the cost and thereafter be periodically reimbursed plus a percentage. Whether in fact it bore such cost in all cases does not appear. To some extent it did and borrowed the money to do so. The contracts themselves would indicate that the petitioner first paid the cost of labor and equipment, financing it as best it could, and then received periodic repayment from the railroad company.
The situation is quite different from that considered in Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32, relied upon by petitioner. There the Board found that the activities of the principal' stockholders in the personal business of education were the primary source of income and that their capital was not material. Here capital is material and we doubt that the stockholders are the primary factors of income production. The statute must surely mean something more than that the business should be capably managed by its executive officers. All corporate income is to some extent ascribed to this.

Judgment will be entered for the Commissioner.